FILED
LAL
MAY 17 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY P. KELLY,<br><br>    Plaintiff,<br><br>vs.<br><br>ILLINOIS CENTRAL RAILROAD<br>COMPANY, d/b/a CANADIAN<br>NATIONAL RAILWAY, a corporation,<br><br>    Defendant. | **06cv2757**<br>**JUDGE NORGLE**<br>**MAGISTRATE KEYS**<br><br>Serve: CN/Illinois Central<br>Railroad Company, A Corp.<br>c/o Kristina Thomsen<br>Vice-President of Law Department<br>Canadian National Railway<br>17550 Ashland Avenue<br>Homewood, IL 60430 |

### COMPLAINT

COMES NOW the Plaintiff, Timothy P. Kelly, by and through his attorneys, Rick Rosen of Rosen Law Firm and Robert Drummond of Drummond Law Firm, and for his cause of action against the Defendant, Illinois Central Railroad Company, d/b/a Canadian National Railway, and states as follows:

#### I. JURISDICTION

1. Jurisdiction in this claim for relief is premised upon Title 45 U.S.C.A. Sections 51 *et seq.*, the Federal Employers Liability Act (FELA).

#### II. VENUE

2. Venue in this District is proper given that the conduct giving rise to this claim for relief occurred in the Northern District of Illinois.

1

### III. THE PARTIES

3. Plaintiff, Timothy P. Kelly, is an employee of Defendant subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

4. Defendant is a railway company, employer of Plaintiff, and subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

### IV. COUNT I- (FELA)

5. Plaintiff re-states and re-alleges the allegations contained in Paragraphs 1-4 as if re-stated here verbatim.

6. That on or about September 20, 2004 and for some time prior thereto, the Defendant was a corporation duly existing according to law to engage in, and was at all times mentioned herein, engaged in doing business as a common Railroad in the State of Illinois and other states of the United States.

7. That on or about September 20, 2004 and at all times mentioned herein, the Defendant maintained offices, buildings, tracks and yards in Homewood, IL.

8. That on or about September 20, 2004 and at all times mentioned herein, the Plaintiff was employed by the Defendant as an Electrician in Homewood, IL and working in interstate commerce and subject to the provisions of the Federal Employer's Liability Act, Title 45 U.S.C.A., Section 51, et seq.

9. That on or about September 20, 2004 Plaintiff was employed doing his regular duties at the Defendant's facility in Homewood, IL.

10. That at the aforesaid time and place Plaintiff was required to lift a 75-100 lb object when he injured his back.

2

11. That on or about September 20, 2004, at the aforesaid time and place, and for some time prior thereto, the Defendant, by and through its agents and employees, were negligent in one or more of the following ways with respect to this injury:

    a. Failed to have a safe way to perform the work the Plaintiff was required to do;

    b. Failed to provide a hoist or other mechanical tool to aid Plaintiff in lifting;

    c. Failed to have a sufficient number of employees or help to assist Plaintiff in his required work; and

12. That as a result of one or more of one or more of the foregoing negligent acts and/or omissions, the Plaintiff sustained severe and permanent injuries to his lower back; the Plaintiff has incurred medical expenses and will in the future incur medical expenses in an effort to cure himself; Plaintiff has lost wages and will lose such wages in the future that he would have made and acquired; Plaintiff has experienced physical pain and suffering in the past and will experience physical pain and suffering in the future; and Plaintiff has been damaged in his ability to work and his normal pursuits of recreational and work activity all of which injuries and conditions are permanent

WHEREFORE, Plaintiff, Timothy P. Kelly, prays for judgment against the Defendant in an amount **in excess of $50,000.00** or for such damages that are fair and reasonable. *The Plaintiff hereby demands trial by jury.*

### V. COUNT II- STRICT LIABILITY

13. Plaintiff re-states and re-alleges the allegations contained in Paragraphs 1-12 as if re-stated here verbatim.

14. That on September 20, 2004, and at all times mentioned herein, the Plaintiff was employed by Defendant, CN/ICRR, as an electrician in Homewood, IL and

3

working in interstate commerce and subject to the provisions of the Federal OSHA Safety Statutes.

15. That on September 20, 2004, at the aforesaid time and place, and for some time prior thereto, Defendant, CN/ICRR, by and through its agents and employees, violated certain Federal OSHA Safety Statutes including but not limited to Sect. 5(a)(1).

16. That said safety statute violations represent strict liability under the FELA case law and therefore preclude any defense of comparative negligence.

17. That as a result of one or more of the foregoing violations of Federal OSHA Safety Statutes, the Plaintiff sustained severe and permanent injuries to his lower back; that the Plaintiff has incurred medical expenses and will in the future incur medical expenses in an effort to cure himself; Plaintiff has lost wages and will lose such wages in the future that he would have made and acquired; Plaintiff has experienced physical pain and suffering in the past and will experience physical pain and suffering in the future; Plaintiff has been damaged in his ability to work and his normal pursuits of recreational and work activity all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, Timothy P. Kelly, prays for judgment against the Defendant, CN/ICRR, in an amount **in excess of $50,000.00** or for such damages that are fair and reasonable. The Plaintiff hereby demands trial by jury.

*[signature]*

_____
One of the Attorneys for the Plaintiff

4

Rick Rosen
Rosen Law Firm
1669 Windham Way, Suite A
O'Fallon, IL 62269
(618) 622-0772
ARDC No. 2382296

And

Robert J. Drummond
Drummond Law Firm
33 N. LaSalle Street, Suite 3350
Chicago, IL 60602
(312) 223-1699 ext. 222
ARDC No. 3124251